IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

| | |
|---|---|
| *In re* | : Chapter 11 |
| GRIDWAY ENERGY HOLDINGS, *et al.*, | : Case No. 14-10833 (CSS) |
| Debtors.[1] | : Jointly Administered |
| | : |

------------------------------------------------------------x   Ref. Docket No. 9, 49

**SECOND INTERIM ORDER (I) AUTHORIZING DEBTORS TO OBTAIN
POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362, AND 364, (II)
AUTHORIZING DEBTORS TO USE CASH COLLATERAL, (III) GRANTING LIENS
AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO 11
U.S.C. §§ 364 AND 507, (IV) GRANTING ADEQUATE PROTECTION TO
PREPETITION LES LENDERS PURSUANT TO 11 U.S.C. §§ 361, 362, 363, 364, AND
507, AND (V) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY
RULE 4001(C) AND LOCAL BANKRUPTCY RULE 4001-2**

Upon the motion (the "Motion") [D.I. 9], of Gridway Energy Holdings, Inc. and

certain of its affiliates, each as a debtor and debtor in possession (collectively, the "Debtors") in

the above-captioned cases (the "Chapter 11 Cases"), pursuant to sections 105, 361, 362, 363,

364, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 4001,

and 9014 of the Federal Rules of Bankruptcy Procedure, and rule 4001-2 of the Local Rules of

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Gridway Energy Holdings, Inc. (5072); Glacial Energy Holdings (3292); Glacial Energy, Inc. (1189); Glacial Energy of New York (0776); Glacial Energy of New England, Inc. (1724); Glacial Energy of Maryland, Inc. (7173); Glacial Energy of California, Inc. (1795 ); Glacial Energy of Illinois, Inc. (1796); Glacial Energy of New Jersey, Inc. (8671); Glacial Energy of Pennsylvania, Inc. (9762); Glacial Energy of Texas (1517); Glacial Energy of Washington DC, Inc. (5548); Glacial Energy of Ohio, Inc. (0103); Glacial Energy of Michigan, Inc. (7110); Glacial Natural Gas, Inc. (0165); Negawatt Business Solutions (6299); Negawatt Business Solutions, Inc. (f/k/a Gridway Energy Partners, Inc.) (7086); Ziphany, L.L.C. (7934); and Glacial Energy VI, LLC (1142). The location of the headquarters of Glacial Energy VI, LLC is 5326 Yacht Haven Grande, Box 36, St. Thomas, VI 00802. The location of the headquarters for the remaining Debtors is 24 Massachusetts 6A, Sandwich, MA 02563.

01:15415847.2

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, seeking, among other things, entry of an interim order and a final order:

(a) authorizing the Debtors to use cash collateral;

(b) authorizing Debtor Glacial Energy Holdings as "Borrower" under the DIP Credit Agreement (as defined below) (solely in such capacity, the "<u>Borrower</u>") to obtain postpetition financing (the "<u>DIP Financing</u>"), and for the Guarantors[2] to guaranty certain of the Borrower's obligations in connection with the DIP Financing, consisting of term and revolving loans in an aggregate amount of up to $122 million[3] (of which an aggregate amount of $34 million is sought on an interim basis) (the "<u>DIP Credit Facility</u>") provided by Vantage Commodities Financial Services I, LLC ("<u>VCFS1</u>") as agent (solely in such capacity, the "<u>DIP Agent</u>") and lender and any additional lenders that become party to the DIP Credit Facility (together with VCFS1, in its capacity as a lender under the DIP Credit Facility, the "<u>DIP Lenders</u>");

(c) authorizing the Borrower and Guarantors to execute and deliver, and incur all liabilities and obligations under that certain Senior Secured, Priming and Superpriority Debtor-in-Possession Credit and Guaranty Agreement, dated as of April 10, 2014, among the Borrower, the DIP Agent, the DIP Lenders, and the Guarantors (the "<u>DIP Credit Agreement</u>");

(d) granting automatically perfected security interests in and liens on all of the "Collateral" as defined in the DIP Credit Agreement (the "<u>Collateral</u>") to the DIP

---

[2] All capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the First Interim Order (as defined below).

[3] The final aggregate amount is subject to change among agreement of the parties to the DIP Credit Agreement.

        Agent on behalf of itself and the DIP Lenders and granting superpriority administrative expense status to the DIP Obligations, in each case subject to the payment of the Carve-Out and on the terms and subject to the relative priorities set forth in the DIP Financing Documents;

(e)     granting adequate protection to the Prepetition LES Lenders to the extent of any diminution in the value of their interests in the Collateral, subject in all respects to the Carve-Out;

(f)     authorizing the Borrower to pay the principal, interest, fees, expenses, disbursements, and other amounts payable under the DIP Financing Documents as such amounts become due and payable;

(g)     vacating and modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of the First Interim Order (as defined below) and the other DIP Financing Documents;

(h)     scheduling a final hearing (the "Final Hearing") to consider entry of the Final Order, and in connection therewith, approving the form and manner of notice of the Final Hearing; and

(i)     granting the Debtors such other and further relief as is just and proper;

and the Court having considered the Motion, the exhibits attached thereto, the First Day Declaration of Randy Lennan; and a hearing to consider entry of an interim order having been held before the Court on April 11, 2014 (the "Interim Hearing"); and upon all of the pleadings filed with the Court, all evidence presented in support of an interim order, the arguments of counsel stated on the record of the Interim Hearing, and all of the proceedings held before the Court; and that certain interim order [D.I. 49] (the "First Interim Order") having been entered on

01:15415847.2

April 14, 2014 granting the Motion on an interim basis, and upon the emergency request of the Debtors as consented to by the DIP Agent, the DIP Lenders and the Prepetition LES Lenders, the First Interim Order is hereby amended and extended (this "Second Interim Order") as follows after due deliberation and consideration, and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND, DETERMINED, ORDERED, AND ADJUDGED, that:**[4]

1. The relief granted in the First Interim Order is hereby extended and modified pursuant to this Second Interim Order as set forth herein.

2. This Second Interim Order shall be deemed a "Successive Interim Order" for purposes of paragraphs 16 and 17 of the First Interim Order.

3. Paragraph 8 of the First Interim Order is hereby deleted in its entirety and replaced with the following:

> **Authorization to Use Cash Collateral.** The Debtors are authorized, pursuant to section 363(c)(2)(B) of the Bankruptcy Code, to use the Cash Collateral through and including May 16, 2014; provided, that the Prepetition LES Lenders are granted the Adequate Protection (as defined below); provided, further, for the avoidance of doubt, that notwithstanding anything herein to the contrary, the Debtors' authorization to use Cash Collateral pursuant to this Interim Order, and the consent of the Prepetition LES Lenders with respect thereto, extends solely through the period (the "Approved Budget Period") ending and including May 16, 2014 (the "Termination Date"), and the Debtors and the Prepetition LES Lenders reserve all rights with respect to any proposed use of Cash Collateral beyond such Approved Budget Period. The Debtors are authorized to use the Cash Collateral solely in accordance with this Interim Order and the Approved Budget. The Debtors' right to use Cash Collateral under this Interim Order shall terminate upon the occurrence of an Event of Default (as defined below), subject only to the Default Notice Period (as defined below). The Prepetition LES Lenders have consented to the Debtors' use of the Cash Collateral, subject to the terms of this Interim Order and the Approved Budget.

---

[4] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

4. Paragraph 17 of the First Interim Order is hereby deleted in its entirety and replaced with the following:

> **Termination of DIP Financing** Notwithstanding anything in this Interim Order or the other DIP Financing Documents to the contrary, the Debtors' authorization to use the DIP Financing and Cash Collateral shall immediately terminate upon the occurrence of a "Termination Event", which shall mean the earliest to occur of (a) May 16, 2014 (unless a Final Order approved by the DIP Agent (or by the requisite DIP Lenders) and the Prepetition LES Lenders has been entered as of such date or a Successive Interim Order extending this date), (b) the expiration of five (5) business days (the "Default Notice Period") following the provision of written notice to the Debtors (with a copy of such notice provided to counsel for the Debtors, counsel for any Committee, and the U.S. Trustee) upon the occurrence of an Event of Default, (c) the occurrence of a "Maturity Date" as that term is defined in the DIP Credit Agreement, and (d) the date on which neither this Interim Order nor the Final Order is in full force and effect. In the case of a Termination Event that would otherwise occur upon the expiration of a Default Notice Period, however, no such Termination Event shall occur if the Court has determined during the applicable Default Notice Period that an Event of Default has not occurred and/or is not continuing. During the Default Notice Period, the Debtors shall (x) have no right to use any proceeds of the DIP Credit Facility, or any right to request extensions of credit under the DIP Credit Facility, other than with the consent of the DIP Lenders, and (y) be entitled to an emergency hearing before the Court, with proper notice to the DIP Agent or the DIP Lenders, to contest the circumstances relating to the DIP Lenders' allegation of the existence of an Event of Default.

5. With the consent of the DIP Agent, Milestones 1, 2, 4, 5, and 6 (the "Modified Milestones") set forth on Schedule 7.1 to the DIP Credit Agreement are hereby waived until May 16, 2014, so that the Debtors' failure to meet any of the Modified Milestones before May 16, 2014 shall not constitute an Event of Default under section 7.1(l)(xviii) of the DIP Credit Agreement.

6. Notwithstanding anything in the First Interim Order or in the DIP Credit Agreement (including section 2.2(c)) to the contrary, the obligations of the "Employee Plan Term Lenders" (as defined in the DIP Credit Agreement) to make the "Employee Plan Term Loans" (as defined in the DIP Credit Agreement) are subject to entry by the Bankruptcy Court of (a) the Final Order, (b) the "Final Settlement Order" (as defined in the DIP Credit Agreement),

and (c) the "Final Employee Plan Order" (as defined in the DIP Credit Agreement) by no later than May 16, 2014 in form and substance reasonably satisfactory to the DIP Agent.

7. Notwithstanding anything in the First Interim Order or in the DIP Credit Agreement to the contrary, for purposes of section 3.6(b)(iii) of the DIP Credit Agreement, any milestone set forth in the Employee Plan (as defined in the DIP Credit Agreement) that is required to occur on or before May 8, 2014, shall be deemed to have been extended until May 16, 2014.

8. The Final Hearing on the Motion shall be adjourned to May 14, 2014 at 2:30 p.m. (ET) before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom No. 6, Wilmington, Delaware.

Dated: May 6, 2014

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

01:15415847.2

6