# EXHIBIT A

**Dismissal Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
*In re*                                                        :   Chapter 11
                                                               :
GRIDWAY ENERGY HOLDINGS, INC. *et al.*,                        :   Case No. 14-10833 (CSS)
                                                               :
         Debtors.[1]                                           :   Jointly Administered
                                                               :
---------------------------------------------------------------x   Ref. Docket No. ____

**ORDER (I) APPROVING THE DISMISSAL OF CERTAIN OF THE DEBTORS' CHAPTER 11 CASES; (II) AUTHORIZING THE DISSOLUTION OF CERTAIN OF THE DEBTORS' CORPORATE ENTITIES; (III) MODIFYING THE CAPTION OF THE REMAINING CHAPTER 11 CASES; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the debtors in the above-captioned chapter 11 cases (collectively, the "**Debtors**") for entry of an order, pursuant to pursuant to sections 105(a), 305, and 1112(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), (i) approving the dismissal of the Concluded Debtor Cases, (ii) authorizing, in the Debtors' sole discretion, the dissolution of the Concluded Debtors' corporate entities, (iii) changing the caption of the remaining chapter 11 cases, and (iv) granting related relief; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Gridway Energy Holdings, Inc. (5072); Glacial Energy Holdings (3292); Glacial Energy, Inc. (1189); Glacial Energy of New York (0776); Glacial Energy of New England, Inc. (1724); Glacial Energy of Maryland, Inc. (7173); Glacial Energy of California, Inc. (1795 ); Glacial Energy of Illinois, Inc. (1796); Glacial Energy of New Jersey, Inc. (8671); Glacial Energy of Pennsylvania, Inc. (9762); Glacial Energy of Texas (1517); Glacial Energy of Washington DC, Inc. (5548); Glacial Energy of Ohio, Inc. (0103); Glacial Energy of Michigan, Inc. (7110); Glacial Natural Gas, Inc. (0165); Negawatt Business Solutions (6299); Negawatt Business Solutions, Inc. (f/k/a/ Gridway Energy Partners, Inc.) (7086); Ziphany, L.L.C. (7934); and Glacial Energy VI, LLC (1142). The location of the headquarters of Glacial Energy VI, LLC is 5326 Yacht Haven Grande, Box 36, St. Thomas, VI 00802. The location of the headquarters for the remaining Debtors is 24 Massachusetts Route 6A, Sandwich, MA 02563.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

01:17697662.6

Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and creditors; and after due deliberation thereon and with sufficient cause appearing therefor:

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. As soon as reasonably practicable following payment of any U.S. Trustee Fees, the Debtors shall file a certification (the "**Certification**"), substantially in the form of Exhibit B attached to Motion, and thereupon, the Concluded Debtor Cases shall be dismissed without further order of this Court.

3. All monthly operating reports must be filed and all U.S. Trustee Fees must be paid prior to the filing of the Certification.

4. As soon as reasonably practicable following the filing of the Certification, the Clerk of this Court shall (a) reflect the dismissal of the Concluded Debtor Cases (i) on the dockets of the respective Concluded Debtor Cases and (ii) on the docket for those cases being jointly administered under Case No. 14-10833 and (b) close the Concluded Debtor Cases.

5. The right of the Concluded Debtors to file future petitions for relief under chapters 7 or 11 of the Bankruptcy Code is preserved to the fullest extent allowed by, among other sections, section 349 of the Bankruptcy Code.

6. The final fee applications for Professionals retained in the Concluded Debtor Cases shall be filed in connection with the dismissal or conversion of the remaining Chapter 11 Cases.

7.      Notwithstanding section 349 of the Bankruptcy Code, all orders of the Court entered in the Concluded Debtor Cases shall survive the dismissal of the Concluded Debtor Cases.

8.      For the avoidance of doubt, Vantage Commodities Financial Services I, LLC's ("**Vantage**") right to bring claims on a derivative bases on behalf of Glacial Energy of Ohio, LLC against Warren Steel Holdings, LLC ("**Warren Steel**"), as set forth in the settlement agreement between Vantage and the Debtors [Docket No. 572], which was approved by order of this Court [Docket No. 646], shall not be affected by the dismissal of Glacial Energy of Ohio, Inc.'s bankruptcy case, and Vantage may continue to prosecute, on behalf of Glacial Energy of Ohio, Inc., the adversary proceeding currently pending in this Court against Warren Steel Holdings, Adv. Pro. No. 15-50274, or any other proceeding, arbitration, or action that has been or will be commenced in this Court or any other forum of relevant jurisdiction against Warren Steel.  Further, Vantage and its affiliate EDF Trading North America LLC, shall be entitled to direct payment of any proceeds from any proceeding, arbitration, action, or claim against Warren Steel, whether resulting from a settlement, judgment or otherwise, as set forth in paragraph 4 of the April 6, 2015 order of this Court [Docket No. 905].

9.      For the avoidance of doubt, the remaining Debtors shall continue to hold the Settlement Fund established pursuant to the *Order Granting Joint Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Approving Settlement and Compromise* [Docket No. 381] (the "**Global Settlement Order**") in a segregated bank account (as required pursuant to the Global Settlement Order) and shall continue to make distributions from the Settlement Fund solely as directed by the Creditors' Committee pursuant to the Global Settlement Order and *Order in Furtherance of Committee Global Settlement Determining That*

*(I) Claims Filed by Platinum Partners Value Arbitrage Fund LP and Electric Reliability Council of Texas (ERCOT) are not Eligible Administrative Claims under the Committee Global Settlement; and (II) Authorizing Distributions from Committee Settlement Fund to Holders of Allowed Eligible Administrative Claims* [Docket No. 910].

10. The Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or relating to the implementation of any order of this Court entered in the Concluded Debtor Cases.

11. Effective upon the filing of the Certification, the Concluded Debtors' retention of Young Conaway Stargatt & Taylor, LLP ("**Young Conaway**") shall be terminated.

12. The footnote used in the caption for pleadings filed in the jointly administered cases of the remaining Debtors under Case No. 14-10833 shall be modified to delete the Concluded Debtors as jointly administered debtors, as follows:

> The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Gridway Energy Holdings, Inc. (5072); Glacial Energy Holdings (3292); Glacial Energy, Inc. (1189); Glacial Energy of Maryland, Inc. (7173); Glacial Energy of California, Inc. (1795 ); Glacial Energy of Illinois, Inc. (1796); Glacial Energy of New Jersey, Inc. (8671); Glacial Energy of Washington DC, Inc. (5548); Glacial Energy of Michigan, Inc. (7110); and Negawatt Business Solutions, Inc. (f/k/a/ Gridway Energy Partners, Inc.) (7086). The location of the headquarters for the Debtors is 24 Massachusetts Route 6A, Sandwich, MA 02563.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. The Court shall retain jurisdiction over any and all matters arising from, or related to, the interpretation or implementation of this Order.

Dated: October____, 2015
       Wilmington, Delaware

 

_____
Christopher S. Sontchi
United States Bankruptcy Judge

# Exhibit 1

## Concluded Debtor Cases

| | | |
|---|---|---|
| Glacial Energy of New York | Case No.: | 14-10836 |
| Glacial Energy of New England, Inc. | Case No.: | 14-10837 |
| Glacial Energy of Pennsylvania, Inc. | Case No.: | 14-10843 |
| Glacial Energy of Texas | Case No.: | 14-10845 |
| Glacial Energy of Ohio, Inc. | Case No.: | 14-10847 |
| Glacial Natural Gas, Inc. | Case No.: | 14-10849 |
| Negawatt Business Solutions | Case No.: | 14-10851 |
| Ziphany, L.L.C. | Case No.: | 14-10852 |
| Glacial Energy VI, LLC | Case No.: | 14-10853 |

01:17697662.6